RAYMOND H. AVER - SBN 109577
LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation
10801 National Boulevard, Suite 100
Los Angeles, California 90064
Telephone: (310) 571-3511
email: ray@averlaw.com

[Proposed] General Insolvency Counsel for
BENJAMIN SAEEDIAN
Debtor and Debtor In Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]

| | |
|---|---|
| In re:<br><br>BENJAMIN SAEEDIAN,<br><br>                    Debtor. | Case No. 2:18-bk-17217-NB<br><br>Chapter 11<br><br>DECLARATION OF BENJAMIN SAEEDIAN IN SUPPORT OF "EMERGENCY MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (WITH SUPPORTING DECLARATIONS)"<br><br>["Emergency Motion In Individual Case For Order Imposing A Stay Or Continuing The Automatic Stay As The Court Deems Appropriate (With Supporting Declarations)," filed concurrently]<br><br>Date:  July 20, 2018<br>Time:  1:00 p.m.<br>Place: Courtroom 1545<br>       Roybal Federal Building<br>       United States Bankruptcy Court<br>       255 East Temple Street<br>       Los Angeles, California 90012 |

### DECLARATION OF BENJAMIN SAEEDIAN

I, BENJAMIN SAEEDIAN, declare:

1.    I am the chapter 11 debtor proceeding before the United States Bankruptcy Court for the Central District of California [Los Angeles Division], under *In re Benjamin Saeedian*, Case No. 2:18-bk-17217-NB, having filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code on June 21, 2018 ("Petition Date").

2.    Since the Petition Date, I have continued to operate as a debtor in possession.

Legal Description Of The Clark Drive Residence

3.    I am, and as of the Petition Date was, the owner of that certain residential real property located at 252 South Clark Drive, Beverly Hills, California 90211 ("Clark Drive Residence").  A true and correct copy of the legal description of the Clark Drive Residence is attached as **Exhibit A** hereto.

Prior Chapter 13 Bankruptcy Case

4.    On January 26, 2017, I caused to be filed a voluntary petition for rehabilitation under chapter 13 of the Bankruptcy Code entitled *In re Benjamin Saeedian*, Case No. 2:17-bk-10946-NB ("Prior Bankruptcy Case"), which case was dismissed at the continued chapter 13 plan confirmation hearing because my secured claims exceeded the allowed debt limit for a chapter 13 debtor.  A true and correct copy of the Docket for the Prior Bankruptcy Case is attached as **Exhibit B** hereto.  A true and correct copy of the "Order And Notice Of

1  Dismissal Arising From Chapter 13 Confirmation Hearing" ("Dismissal

2  Order") entered on September 26, 2017, is attached as **Exhibit C**

3  hereto.

4

5  Clark Drive Residence

6     5.   It is my opinion that the fair market value of the Clark

7  Drive Residence was approximately $1,950,000.00 as of the Petition

8  Date.  The valuation is based on my personal knowledge of real

9  estate values in the area immediately adjacent to the Clark Drive

10  Residence.  A true and correct copy of my "Schedule A/B: Property"

11  is attached as **Exhibit D** hereto.

12     6.   The Clark Drive Residence is encumbered by a first

13  priority trust deed lien in favor of U.S. Bank N.A., successor

14  trustee to Bank of America, NA, successor in interest to LaSalle

15  Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage

16  PassThrough Certificates, Series 2006-AR13 ("U.S. Bank") in the

17  estimated amount of $1,668,101.04 as of the Petition Date.  The

18  subject loan is serviced by Select Portfolio Servicing, Inc.

19  ("SPS"). A true and correct copy of the Mortgage Statement, dated

20  May 15, 2018, received from SPS is attached as **Exhibit E** hereto.

21  The Clark Drive Residence is not encumbered by any other liens.

22     7.   I claim a homestead exemption in the Clark Drive Residence

23  under California *Code of Civil Procedure* Section 704.730 of

24  $100,000.00.  A true and correct copy of the "Schedule C: The

25  Property You Claim As Exempt" is attached as **Exhibit F** hereto.

26

27  Ability To Reorganize Financial Affairs

28     8.   The instant bankruptcy case was filed in good faith to

1  enable my family to retain the Clark Drive Residence and to
2  restructure the secured debt against the residence either through a
3  (a) loan modification program offered by U.S. Bank/SPS; or (b) plan
4  of reorganization.   I, through my bankruptcy counsel, have already
5  engaged in preliminary settlement discussions with U.S. Bank/SPS in
6  an effort to modify the secured debt.

7       9.    My spouse's income has increased since the commencement of
8  the Prior Bankruptcy Case, which, when coupled with my income and
9  the net sale proceeds from the sale of a commercial real property
10  owned by Rabenu Enterprises, LLC ("Rabenu"), a limited liability
11  company in which I have an ownership interest, should be sufficient
12  to fund my plan of reorganization.   A true and correct copy of my
13  "Schedule I: Your Income" and "Schedule J: Your Expenses" are
14  jointly attached as **Exhibit G** hereto.

15       10.   Rabenu Enterprises is the chapter 11 debtor and debtor in
16  possession currently proceeding before the United States Bankruptcy
17  Court for the Central District of California [Los Angeles Division]
18  under *In re Rabenu Enterprises*, Case No. 2:18-bk-14511-ER ("Rabenu
19  Bankruptcy Case").

20       11.   Rabenu Enterprises is the owner of that certain commercial
21  real property, located at 757 Towne Avenue, Los Angeles, California
22  90021 ("Towne Avenue Property").   I believe the fair market value of
23  the Towne Avenue Property is not less than $5 million.   During
24  pendency of the Rabenu Bankruptcy Case, the Court issued an order
25  authorizing Rabenu Enterprises to obtain a new loan from The
26  Evergreen Advantage, LLC ("Evergreen") in the amount of $3.6 million
27  and to use the refinance proceeds to satisfy <u>all</u> secured debts
28  against the Towne Avenue Property in full, except for the secured

1 | claim of the third priority lienholder, Investment Management
2 | Company, LLC ("IMC") in the amount of $225,000.[1]  A true and correct
3 | copy of the "Order Granting 'Motion For Order Authorizing
4 | Refinancing Of Secured Debt And Related Relief,'" issued by the
5 | Court in the Rabenu Bankruptcy Case on May 22, 2018, is attached as
6 | **Exhibit H** hereto.

7 |     12.  I have been diligently working with real estate brokers to
8 | list the Towne Avenue Property for sale.  A true and correct copy of
9 | the "Commercial And Residential Income Listing Agreement," dated
10 | June 1, 2018, and the "Seller's Listing Agreement," dated July 1,
11 | 2018, are attached as **Exhibit I** and **Exhibit J**, respectfully.  I
12 | believe the Towne Avenue Property will generate in the range of $1.2
13 | to $1.7 million in net sale proceeds, a portion of which sale
14 | proceeds will be utilized to fund my plan of reorganization.  I
15 | believe that the portion of the net sale proceeds from the Towne
16 | Avenue Property to which I would be entitled coupled with my
17 | spouse's and my employment income should allowing me to successfully
18 | reorganize my financial affairs.

19 |

20 |     14.  I have personal knowledge of the facts stated herein,
21 | except where stated on information and belief, and where so stated,
22 | I am informed and believe that such facts are true and correct.  If
23 | called and sworn as a witness, I could and would competently testify
24 | to the above.

25 |

26 |     [1]  Rabenu and IMC, however, entered into a subordination agreement, which
was approved by the Court, pursuant to which Rabenu Enterprises agreed that, upon
27 | receipt of the agreed upon amount from the refinance proceeds, the remaining
balance would be paid to IMC according to the terms of the underlying promissory
28 | note and the IMC's lien would be subordinated only to the Evergreen loan.

1      Executed this 17th day of July 2018, at Los Angeles, California.

2  I declare under penalty of perjury that the foregoing is true and

3  correct.

4

5                               _____

6                                    BENJAMIN  SAEEDIAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Lot 111, of Tract No. 6380, in the City of Beverly Hills, County of Los Angeles, State of California, as per map recorded in Book 69 Pages 11 to 20 of maps, in the office of the County Recorder of said County.

Assessor's Parcel No: 4333-009-021

EXHIBIT B

7/17/2018    Case 2:18-bk-17217-NB    Doc 22 CM/ECF - U.S. Bankruptcy Court (NG) - Entered 07/17/18 18:04:03    Desc
Main Document    Page 10 of 56

CLOSED

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:17-bk-10946-NB

|  |  |
|---|---|
| *Assigned to:* Neil W. Bason | *Date filed:* 01/26/2017 |
| Chapter 13 | *Date terminated:* 12/14/2017 |
| Voluntary | *Debtor dismissed:* 09/26/2017 |
| Asset | *341 meeting:* 02/24/2017 |

*Debtor disposition:* Dismissed for Other Reason

*Debtor*
**Benjamin Saeedian**
252 South Clark Drive
Beverly Hills, CA 90211
LOS ANGELES-CA
SSN / ITIN: xxx-xx-4007
*aw* **Paitano Inc.**
*aw* **YB Design Inc.**

represented by **Eliza Ghanooni**
Eliza Ghanooni, Attorney at Law
1901 Avenue of the Stars
Suite 450
Los Angeles, CA 90067
213-444-3328
Fax : 800-584-1977
Email: eliza@ghanoonilaw.com

*Trustee*
**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400

*U.S. Trustee*
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 01/26/2017 | <u>1</u><br>(9 pgs; 2 docs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Benjamin Saeedian Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 02/9/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 02/9/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due 02/9/2017. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 02/9/2017. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 02/9/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 02/9/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 02/9/2017. Schedule I: Your Income (Form 106I) due 02/9/2017. Schedule J: Your Expenses (Form 106J) due 02/9/2017. Declaration About an Individual Debtors Schedules |

| | | |
|---|---|---|
| | | (Form 106D) due 02/9/2017. Statement of Financial Affairs (Form 107 or 207) due 02/9/2017. Chapter 13 Plan (LBR F3015-1) due by 02/9/2017. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 02/9/2017. Statement of Related Cases (LBR Form F1015-2) due 02/9/2017. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 02/9/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 02/9/2017. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 02/9/2017. Incomplete Filings due by 02/9/2017. (Ghanooni, Eliza) WARNING: Also deficient for: Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 2/9/2017, and Certificate of Credit Counseling due 2/9/17 Modified on 1/26/2017 (Vandensteen, Nancy). (Entered: 01/26/2017) |
| 01/26/2017 | <u>3</u><br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 02/24/2017 at 11:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 03/30/2017 at 09:30 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 05/25/2017. (Ghanooni, Eliza) (Entered: 01/26/2017) |
| 01/26/2017 | <u>2</u><br>(1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Vandensteen, Nancy) (Entered: 01/26/2017) |
| 01/26/2017 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Benjamin Saeedian) Cert. of Credit Counseling due by 2/9/2017. (Vandensteen, Nancy) (Entered: 01/26/2017) |
| 01/26/2017 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Benjamin Saeedian) Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 2/9/2017. (Vandensteen, Nancy) (Entered: 01/26/2017) |
| 01/26/2017 | <u>4</u><br>(1 pg) | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Benjamin Saeedian) (Vandensteen, Nancy) (Entered: 01/26/2017) |
| 01/26/2017 | <u>5</u><br>(1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Benjamin Saeedian. (Ghanooni, Eliza) (Entered: 01/26/2017) |
| 01/26/2017 | | Receipt of Voluntary Petition (Chapter 13)(2:17-bk-10946) [misc,volp13] ( 310.00) Filing Fee. Receipt number 44112988. |

| | | |
|---|---|---|
| 01/26/2017 | <u>6</u> | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Benjamin Saeedian. (Ghanooni, Eliza) (Entered: 01/26/2017) |
| 01/26/2017 | <u>7</u><br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Benjamin Saeedian (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13)). (Ghanooni, Eliza) (Entered: 01/26/2017) |
| 01/26/2017 | <u>8</u><br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Benjamin Saeedian (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13)). (Ghanooni, Eliza) (Entered: 01/26/2017) |
| 01/26/2017 | <u>9</u><br>(3 pgs) | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Benjamin Saeedian. (Ghanooni, Eliza) (Entered: 01/26/2017) |
| 01/28/2017 | <u>10</u><br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)<u>3</u> Meeting (AutoAssign Chapter 13)) No. of Notices: 5. Notice Date 01/28/2017. (Admin.) (Entered: 01/28/2017) |
| 01/28/2017 | <u>11</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 13) filed by Debtor Benjamin Saeedian) No. of Notices: 1. Notice Date 01/28/2017. (Admin.) (Entered: 01/28/2017) |
| 01/28/2017 | <u>12</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>4</u> ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 01/28/2017. (Admin.) (Entered: 01/28/2017) |
| 01/28/2017 | <u>13</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>2</u> Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 01/28/2017. (Admin.) (Entered: 01/28/2017) |
| 01/30/2017 | <u>14</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Fujimoto, Daniel. (Fujimoto, Daniel) (Entered: 01/30/2017) |
| 02/09/2017 | <u>15</u><br>(3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 02/09/2017) |
| 02/09/2017 | <u>16</u><br>(14 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Benjamin Saeedian. (Ghanooni, Eliza) (Entered: 02/09/2017) |

| 02/09/2017 | <u>17</u><br>(10 pgs) | Chapter 13 Plan (LBR F3015-1) Filed by Debtor Benjamin Saeedian (RE: related document(s)<u>1</u> Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Benjamin Saeedian Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 02/9/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 02/9/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due 02/9/2017. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 02/9/2017. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 02/9/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 02/9/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 02/9/2017. Schedule I: Your Income (Form 106I) due 02/9/2017. Schedule J: Your Expenses (Form 106J) due 02/9/2017. Declaration About an Individual Debtors Schedules (Form 106Dec) due 02/9/2017. Statement of Financial Affairs (Form 107 or 207) due 02/9/2017. Chapter 13 Plan (LBR F3015-1) due by 02/9/2017. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 02/9/2017. Statement of Related Cases (LBR Form F1015-2) due 02/9/2017. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 02/9/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 02/9/2017. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 02/9/2017. Incomplete Filings due by 02/9/2017. (Ghanooni, Eliza) WARNING: Also deficient for: Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 2/9/2017, and Certificate of Credit Counseling due 2/9/17 Modified on 1/26/2017.). (Ghanooni, Eliza) (Entered: 02/09/2017) |
| 02/09/2017 | <u>18</u><br>(51 pgs) | Amendment to List of Creditors. Fee Amount $31, Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) , Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E (Official Form B6E) - Creditors Holding Unsecured Priority Claims , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule J: Your Expenses (Official Form 106J) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Benjamin |

| | | |
|---|---|---|
| 02/09/2017 | | Receipt of Amended List of Creditors (Fee)(2:17-bk-10946-NB) [misc,amdcm] ( 31.00) Filing Fee. Receipt number 44204107. Fee amount 31.00. (re: Doc# 18) (U.S. Treasury) (Entered: 02/09/2017) |
| 02/09/2017 | 19 (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Benjamin Saeedian. (Ghanooni, Eliza) (Entered: 02/09/2017) |
| 02/17/2017 | 20 (61 pgs) | Objection to Confirmation of Plan Filed by Creditor U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR13 (RE: related document(s)17 Chapter 13 Plan (LBR F3015-1) Filed by Debtor Benjamin Saeedian (RE: related document(s)1 Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Benjamin Saeedian Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 2/9/2017. Schedule A/B: Property (Form 106A/B or 206A/B) due 02/9/2017. Schedule C: The Property You Claim as Exempt (Form 106C) due 02/9/2017. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 02/9/2017. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 02/9/2017. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 02/9/2017. Schedule H: Your Codebtors (Form 106H or 206H) due 02/9/2017. Schedule I: Your Income (Form 106I) due 02/9/2017. Schedule J: Your Expenses (Form 106J) due 02/9/2017. Declaration About an Individual Debtors Schedules (Form 106Dec) due 02/9/2017. Statement of Financial Affairs (Form 107 or 207) due 02/9/2017. Chapter 13 Plan (LBR F3015-1) due by 02/9/2017. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 02/9/2017. Statement of Related Cases (LBR Form F1015-2) due 02/9/2017. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 02/9/2017. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 02/9/2017. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 02/9/2017. Incomplete Filings due by 02/9/2017. (Ghanooni, Eliza) WARNING: Also deficient for: Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 2/9/2017, and Certificate of Credit Counseling due 2/9/17 Modified on 1/26/2017.).). (Castle, Caren) (Entered: 02/17/2017) |
| 03/01/2017 | 21 (1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 03/01/2017) |
| 03/01/2017 | 22 | Objection to Confirmation of Chapter 13 Plan . (Dockery (TR), |

| 03/07/2017 | <u>23</u><br>(3 pgs) | Notice of Hearing *Amended Notice of Confirmation Hearing* Filed by Debtor Benjamin Saeedian. (Ghanooni, Eliza) (Entered: 03/07/2017) |
| 03/20/2017 | <u>24</u><br>(7 pgs) | Motion to Commence Loan Modification Management Program (LMM) Filed by Debtor Benjamin Saeedian (Ghanooni, Eliza) (Entered: 03/20/2017) |
| 03/20/2017 | <u>25</u><br>(10 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Benjamin Saeedian (RE: related document(s)<u>24</u> Motion to Commence Loan Modification Management Program (LMM) Filed by Debtor Benjamin Saeedian). (Ghanooni, Eliza) (Entered: 03/20/2017) |
| 04/05/2017 | <u>26</u><br>(10 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Benjamin Saeedian (RE: related document(s)<u>24</u> Motion to Commence Loan Modification Management Program (LMM) ). (Ghanooni, Eliza) (Entered: 04/05/2017) |
| 04/06/2017 | <u>27</u><br>(3 pgs) | Order Granting Motion to Commence Loan Modification Management Prg (LMM) (BNC-PDF) (RE: Related Doc # <u>24</u> ) Signed on 4/6/2017 (Francis, Dawnette) (Entered: 04/06/2017) |
| 04/08/2017 | <u>28</u><br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>27</u> Order on Motion to Commence Loan Modification Management Prg (LMM) (BNC-PDF)) No. of Notices: 1. Notice Date 04/08/2017. (Admin.) (Entered: 04/08/2017) |
| 04/12/2017 | <u>29</u><br>(3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 04/12/2017) |
| 04/15/2017 | <u>30</u><br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)<u>29</u> Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 04/15/2017. (Admin.) (Entered: 04/15/2017) |
| 06/06/2017 | <u>31</u><br>(10 pgs) | Status report *re. Loan Modification* Filed by Debtor Benjamin Saeedian (RE: related document(s)<u>27</u> Order on Motion to Commence Loan Modification Management Prg (LMM) (BNC-PDF)). (Ghanooni, Eliza) (Entered: 06/06/2017) |
| 06/06/2017 | <u>32</u><br>(1 pg) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 06/06/2017) |
| 07/25/2017 | <u>33</u><br>(18 pgs) | Motion to Extend Loan Modification Management Program Period (LMM) Filed by Debtor Benjamin Saeedian (Ghanooni, Eliza) (Entered: 07/25/2017) |

| | | |
|---|---|---|
| 07/28/2017 | [34](#)<br>(2 pgs) | Order regarding Motion to Extend Loan Modification Management Prg Period (LMM) (BNC-PDF) (RE: Related Doc [33](#)) Signed on 7/28/2017 (Sumlin, Sharon E.) (Entered: 07/28/2017) |
| 07/28/2017 | [35](#)<br>(3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 07/28/2017) |
| 07/30/2017 | [36](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[34](#) Order on Motion to Extend Loan Modification Management Prg Period (LMM) (BNC-PDF) No. of Notices: 1. Notice Date 07/30/2017. (Admin.) (Entered: 07/30/2017) |
| 09/20/2017 | [37](#)<br>(7 pgs) | Stipulation By Benjamin Saeedian and Filed by Debtor Benjamin Saeedian (Ghanooni, Eliza) (Entered: 09/20/2017) |
| 09/26/2017 | [38](#)<br>(1 pg) | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing - **Debtor** Dismissed. (BNC) (RE: related document(s)[3](#) Meeting (AutoAssign Chapter 13), [23](#) Notice of Hearing filed by Debtor Benjamin Saeedian) (Sumlin, Sharon E.) (Entered: 09/26/2017) |
| 09/28/2017 | [39](#)<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)[38](#) ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (BNC)) No. of Notices: 6. Notice Date 09/28/2017. (Admin.) (Entered: 09/28/2017) |
| 10/17/2017 | [40](#)<br>(1 pg) | Order on Application for Supplemental Fees (Ch 13) in the amount of $6,230.00 (BNC-PDF) Signed on 10/17/2017 (RE: related document(s)[37](#) Stipulation filed by Debtor Benjamin Saeedian). (Sumlin, Sharon E.) (Entered: 10/17/2017) |
| 10/19/2017 | [41](#)<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[40](#) Order on Application for Supplemental Fees (Ch 13) (BNC-PDF)) No. of Notices: 1. Notice Date 10/19/2017. (Admin.) (Entered: 10/19/2017) |
| 10/24/2017 | [42](#)<br>(5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Dockery (TR), Kathy) (Entered: 10/24/2017) |
| 12/04/2017 | [43](#)<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Dockery (TR), Kathy) (Entered: 12/04/2017) |
| 12/08/2017 | [44](#)<br>(3 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 12/08/2017) |
| 12/08/2017 | [45](#)<br>(1 pg) | Proof of service Filed by (RE: related document(s)[44](#) Chapter 13 Trustee's Final Report and Account (batch)). (Dockery (TR), |

| | 46 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Vandensteen, Nancy) (Entered: 12/14/2017) |
|---|---|---|
| 12/14/2017 | | |

### PACER Service Center

#### Transaction Receipt

| 07/17/2018 14:43:30 | | | |
|---|---|---|---|
| **PACER Login:** | raver109577:2668010:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:17-bk-10946-NB Fil or Ent: filed From: 4/18/2013 To: 7/17/2018 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

EXHIBIT C

# United States Bankruptcy Court
## Central District of California

**255 East Temple Street, Los Angeles, CA 90012**

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM CHAPTER 13 CONFIRMATION HEARING

**DEBTOR INFORMATION:**
Benjamin Saeedian
aw Paitano Inc., aw YB Design Inc.

**BANKRUPTCY NO.** 2:17-bk-10946-NB

**CHAPTER** 13

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-4007
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 9/26/17

**Address:**
252 South Clark Drive
Beverly Hills, CA 90211

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed; and

(2)  the court retain jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

BY THE COURT,

Dated: September 26, 2017

**Kathleen J. Campbell**
Clerk of Court

Form van150-od13a Rev. 06/2017

**38 / SES**

EXHIBIT D

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|
| Debtor 1 | **Benjamin Saeedian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:18-bk-17217-NB | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                     12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | | |
|---|---|---|---|
| **252 South Clark Drive** | **What is the property?** Check all that apply | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☑ Single-family home | | |
| | ☐ Duplex or multi-unit building | | |
| | ☐ Condominium or cooperative | | |
| | ☐ Manufactured or mobile home | | **Current value of the entire property?** |
| **Beverly Hills  CA  90211-0000** | ☐ Land | | $1,950,000.00 |
| City  State  ZIP Code | ☐ Investment property | | |
| | ☐ Timeshare | | **Describe the nature of your ownership interest** |
| | ☐ Other _____ | | (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property?** Check one | | |
| **Los Angeles** | ☑ Debtor 1 only | | |
| County | ☐ Debtor 2 only | | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property | |
| | ☐ At least one of the debtors and another | (see instructions) | |
| | Other information you wish to add about this item, such as local property identification number: | | |

Current value of the portion you own? $1,950,000.00

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here................................................=>

| $1,950,000.00 |
|---|

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Benjamin Saeedian**                                                Case number *(if known)*   **2:18-bk-17217-NB**

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 Make: **Lexus** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|

3.1   Make:     **Lexus**

Model:    **RX 300**

Year:     **2001**

Approximate mileage:     **115,000**

Other information:

Who has an interest in the property? Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $3,000.00 | $3,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
.pages you have attached for Part 2. Write that number here..............................................................=>    **$3,000.00**

**Part 3:** Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Household goods and furnishings | $3,000.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
■ No
☐ Yes. Describe.....

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

Debtor 1    **Benjamin Saeedian** _____    Case number (if known)  **2:18-bk-17217-NB**

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
■ No
☐ Yes.  Describe.....

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes.  Describe.....

| Wedding bands | $2,000.00 |
|---|---|

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes.  Describe.....

**14.  Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes.  Give specific information.....

**15.  Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................**   | **$5,000.00** |

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16.  Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
☐ No
■ Yes................................................................................................

Cash on hand    $100.00

**17.  Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes......................

Institution name:

| 17.1.  **Checking account** | **Bank of Hope**<br>**San Pedro Mart Branch** | $89.67 |
|---|---|---|

**18.  Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
■ No
☐ Yes...................

Institution or issuer name:

**19.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
☐ No
■ Yes.  Give specific information about them...................

| Name of entity: | | % of ownership: | |
|---|---|---|---|
| **Paitano, Inc.**<br>**previously was in the business of importing and selling men's clothing. No sale value.** | | 10  % | $0.00 |

Debtor 1    **Benjamin Saeedian**                                  Case number *(if known)*   **2:18-bk-17217-NB**

| | | | | |
|---|---|---|---|---|
| YB Design, Inc.<br>engaged in the business of domestic men's<br>clothing manufacturing.  No sale value. | 10 | % | | $0.00 |
| Rabenu Enterprises, LLC<br>Holding company. Currently in chapter 11. | 10 | % | | $5,000.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
                Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   ☐ Yes. List each account separately.
                Type of account:          Institution name:

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. ....................          Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes............          Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property** (other than anything listed in line 1), and rights or powers exercisable for your benefit
   ■ No
   ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**                                         Current value of the
                                                                           portion you own?
                                                                           Do not deduct secured
                                                                           claims or exemptions.

**28. Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No

Official Form 106A/B                      Schedule A/B: Property                           page 4

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

Debtor 1    **Benjamin Saeedian**                                   Case number *(if known)*    **2:18-bk-17217-NB**

☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security
   benefits; unpaid loans you made to someone else

☐ No
■ Yes. Give specific information..

| Unpaid wages totaling $15,000.00 Management fees of $2,500.00 per month for period of January 2018 through June 2018 | $0.00 |

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No
☐ Yes. Name the insurance company of each policy and list its value.
      Company name:                          Beneficiary:              Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No.
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
   for Part 4. Write that number here....................................................................................................

| $5,189.67 |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes. Go to line 38.

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
   If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes. Go to line 47.

**Part 7:**  Describe All Property You Own or Have an Interest in That You Did Not List Above

Debtor 1    __Benjamin Saeedian__    Case number *(if known)*    __2:18-bk-17217-NB__

**53. Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ...................................

| | $0.00 |
|---|---|

**Part 8:    List the Totals of Each Part of this Form**

|  |  |  |  |
|---|---|---|---|
| **55. Part 1: Total real estate, line 2** .......................................................................................... | | | $1,950,000.00 |
| **56. Part 2: Total vehicles, line 5** | $3,000.00 | | |
| **57. Part 3: Total personal and household items, line 15** | $5,000.00 | | |
| **58. Part 4: Total financial assets, line 36** | $5,189.67 | | |
| **59. Part 5: Total business-related property, line 45** | $0.00 | | |
| **60. Part 6: Total farm- and fishing-related property, line 52** | $0.00 | | |
| **61. Part 7: Total other property not listed, line 54** | + $0.00 | | |
| **62. Total personal property.** Add lines 56 through 61... | $13,189.67 | Copy personal property total | $13,189.67 |

**63. Total of all property on Schedule A/B.** Add line 55 + line 62

| | $1,963,189.67 |
|---|---|

EXHIBIT E

**SPS** Portfolio
SERVICING, inc. www.spser __g.com__
Salt Lake C__  __ 65__  __

Customer Service:  (800) 258-8602
Monday - Thursday   8:00AM - 11:00PM ET
Friday                        8:00AM - 9:00PM ET
Saturday                    8:00AM - 2:00PM ET

*For other important information, see reverse side*

Benjamin Saeedian
252 S Clark Dr
Beverly Hls, CA 90211

2105

|||||||||||||||||||||||||||||||||||||||||||||||||||||||

| | |
|---|---|
| Account Number | 0015381650 |
| Property Address | 252 S CLARK DR |
| | BEVERLY HILLS CA 90211 |
| Loan Due Date | 03/01/2014 [4] |
| Payment Due Date | 06/01/2018 |
| Amount Due | **$246,731.06** |

*If payment is received after 06/16/2018, $219.19 late fee will be charged.*
*Amount Due is as of 05/15/2018*

## Account Information

| | |
|---|---|
| Interest Bearing Principal | $1,437,631.94 |
| Deferred Principal | $46,500.00 |
| Outstanding Principal [1] | $1,484,131.94 |
| Interest Rate (Until September 2018) | 2.000% |
| Prepayment Penalty | No |

## Explanation of Amount Due

This account has been accelerated, which means all outstanding amounts are due.  The accelerated amount as of 05/15/2018 is **$1,668,101.04** [1].

As of 05/15/2018, SPS will accept the amount below to reinstate this account.

| | |
|---|---|
| Current Payment Due | $5,693.37 |
| Unpaid Late Charges | $0.00 |
| Other Charges and Fees | $1,357.86 |
| Past Due Payment(s) | $242,679.83 |
| Unapplied Payment(s) [3] | $3,000.00 |
| **Amount to Reinstate Account** | **$246,731.06** |

## Transaction Activity (04/13/2018 to 05/15/2018)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total [1] |
|---|---|---|---|---|---|---|---|---|---|
| 04/13 | BEG BALANCE | $1,484,131.94 | $117,857.43 | $66,687.05 | $0.00 | ($3,000.00) | $0.00 | $1,263.18 | $1,668,939.61 |
| 05/10 | FC COSTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 94.68 | 94.68 |
| 05/15 | ENDING BALANCE | $1,484,131.94 | $117,857.43 | $66,687.05 | $0.00 | ($3,000.00) | $0.00 | $1,357.86 | $1,667,034.29 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | |
| **Total** | **$0.00** | **$0.00** |
| Total Unapplied Balance | $3,000.00 [3] | |

## Important Messages

[1] This amount is not  a payoff quote. If you want a payoff quote, please see instructions on reverse side.

[3] Partial payments or overpayments are treated as unapplied funds until we receive enough for a full principal and interest payment at which time we will credit your account for the principal and interest payment

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

We have paid Taxes and/ or Insurance on your behalf and you are responsible to reimburse us for these amounts plus interest which may be billed at the note rate.

## **Delinquency Notice**

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure  -- the loss of your home.

**As of May 15, 2018, you are 1,536 days delinquent on your mortgage loan.**
* Payment due 05/2018:  Unpaid payment of $5,693.37.
* Payment due 04/2018:  Unpaid payment of $5,693.37.
* Payment due 03/2018:  Unpaid payment of $5,561.41.
* Payment due 02/2018:  Unpaid payment of $5,561.41.
* Payment due 01/2018:  Unpaid payment of $5,561.41.
* Payment due 12/2017:  Unpaid payment of $5,561.41.

**Total: $246,731.06 due. You must pay this amount to bring your loan current.**

**SPS has completed the first notice or filing required to start a foreclosure.**

**If You Are Experiencing Financial Difficulty:** See the back for information about mortgage counseling or assistance. Also, there are a number of options available to assist customers who are experiencing difficulty with their payments.  Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding the statement at (888) 818-6032.

EXHIBIT F

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Benjamin Saeedian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:18-bk-17217-NB | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **252 South Clark Drive Beverly Hills, CA 90211  Los Angeles County** Line from *Schedule A/B*: **1.1** | $1,950,000.00 | ☑ $100,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **2001 Lexus RX 300 115,000 miles** Line from *Schedule A/B*: **3.1** | $3,000.00 | ☑ $3,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **Household goods and furnishings** Line from *Schedule A/B*: **6.1** | $3,000.00 | ☑ $3,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Wedding bands** Line from *Schedule A/B*: **12.1** | $2,000.00 | ☑ $2,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Cash on hand** Line from *Schedule A/B*: **16.1** | $100.00 | ☑ $100.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.070 |

Case 2:18-bk-17217-NB    Doc 18    Filed 07/05/18    Entered 07/05/18 20:15:08    Desc
Main Document    Page 10 of 36

Debtor 1   **Benjamin Saeedian**                                      Case number (if known)    **2:18-bk-17217-NB**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| **Checking account: Bank of Hope San Pedro Mart Branch** Line from *Schedule A/B*: **17.1** | $89.67 | ■     $89.67<br>☐  100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.070** |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■  No

   ☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐   No

       ☐   Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

EXHIBIT G

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Benjamin Saeedian** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:18-bk-17217-NB** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. | Fill in your employment information. | | |
| | Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| If you have more than one job, attach a separate page with information about additional employers. | Occupation | Self-employed | Teacher Assistant |
| Include part-time, seasonal, or self-employed work. | Employer's name | YB Design, Inc. | Netaneli Hebrew Academy |
| Occupation may include student or homemaker, if it applies. | Employer's address | 757 Towne Avenue<br>Los Angeles, CA 90021 | 430 South Wetherly Drive<br>Beverly Hills, CA 90211 |
| | How long employed there? | 1 year and 10 months | 3 years and 3 months |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 4,000.00 | $ 1,800.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 4,000.00 | $ 1,800.00 |

Debtor 1  Benjamin Saeedian        Case number (if known)  **2:18-bk-17217-NB**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here | 4. $ 4,000.00 | $ 1,800.00 |
| 5. | List all payroll deductions: | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ 0.00 | $ 100.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h.+ $ 0.00 + $ | 0.00 |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ 0.00 | $ 100.00 |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. $ 4,000.00 | $ 1,700.00 |
| 8. | List all other income regularly received: | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ 0.00 | $ 0.00 |
| 8b. | Interest and dividends | 8b. $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. $ 0.00 | $ 0.00 |
| 8f. | Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify: **Management of Rabenu Enterprises, LLC** | 8h.+ $ 2,500.00 + $ | 0.00 |
| | Babysitting services | $ 0.00 | $ 800.00 |
| | Cosmetics sales | $ 0.00 | $ 1,400.00 |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ 2,500.00 | $ 2,200.00 |
| 10. | Calculate monthly income. Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ 6,500.00 + $ 3,900.00 | = $ 10,400.00 |
| 11. | State all other regular contributions to the expenses that you list in *Schedule J.*<br>Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.<br>Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*<br>Specify: _____ | 11. +$ 0.00 | |
| 12. | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and *Related Data,* if it applies | 12. $ 10,400.00 | Combined monthly income |

13. Do you expect an increase or decrease within the year after you file this form?

■ No.

☐ Yes. Explain: [_____]

**Fill in this information to identify your case:**

Debtor 1 __Benjamin Saeedian__

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number __2:18-bk-17217-NB__
(If known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                           12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Your Household**

1.  **Is this a joint case?**
    - ■ No. Go to line 2.
    - ☐ Yes. Does Debtor 2 live in a separate household?
        - ☐ No
        - ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**   ☐ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents names.

    ■ Yes.  Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No |
| Daughter | 10 | ■ Yes |
| | | ☐ No |
| Daughter | 11 | ■ Yes |
| | | ☐ No |
| Daughter | 14 | ■ Yes |
| | | ☐ No |
| | | ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**
    - ■ No
    - ☐ Yes

**Part 2:   Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 5,700.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 0.00 |

Debtor 1    __Benjamin Saeedian__                                      Case number (if known)    __2:18-bk-17217-NB__

| 6. | Utilities: | | |
|---|---|---|---|
| | 6a. | Electricity, heat, natural gas | 6a. $ 70.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ 180.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ 110.00 |
| | 6d. | Other. Specify: | 6d. $ 0.00 |
| 7. | Food and housekeeping supplies | | 7. $ 620.00 |
| 8. | Childcare and children's education costs | | 8. $ 0.00 |
| 9. | Clothing, laundry, and dry cleaning | | 9. $ 0.00 |
| 10. | Personal care products and services | | 10. $ 0.00 |
| 11. | Medical and dental expenses | | 11. $ 0.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ 0.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | | 13. $ 80.00 |
| 14. | Charitable contributions and religious donations | | 14. $ 0.00 |

15. Insurance.
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | 15a. | Life insurance | 15a. $ 0.00 |
|---|---|---|---|
| | 15b. | Health insurance | 15b. $ 628.00 |
| | 15c. | Vehicle insurance | 15c. $ 110.00 |
| | 15d. | Other insurance. Specify: | 15d. $ 0.00 |

16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify:  __Incomes taxes__                                                      16. $ 607.00

17. Installment or lease payments:

| | 17a. | Car payments for Vehicle 1 | 17a. $ 0.00 |
|---|---|---|---|
| | 17b. | Car payments for Vehicle 2 | 17b. $ 0.00 |
| | 17c. | Other. Specify: | 17c. $ 0.00 |
| | 17d. | Other. Specify: | 17d. $ 0.00 |

| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | 18. $ 0.00 |
|---|---|---|
| 19. | Other payments you make to support others who do not live with you. Specify: | 19. |

20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.

| | 20a. | Mortgages on other property | 20a. $ 0.00 |
|---|---|---|---|
| | 20b. | Real estate taxes | 20b. $ 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ 0.00 |

21. Other: Specify:  __Income taxes__                                      21. +$ 607.00

22. Calculate your monthly expenses

| 22a. Add lines 4 through 21. | $ 8,712.00 |
|---|---|
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ |
| 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ 8,712.00 |

23. Calculate your monthly net income.

| 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ 10,400.00 |
|---|---|
| 23b. Copy your monthly expenses from line 22c above. | 23b. -$ 8,712.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ 1,688.00 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    | Explain here: |

EXHIBIT H

```
 1   RAYMOND H. AVER - SBN 109577
     LAW OFFICES OF RAYMOND H. AVER
 2   A Professional Corporation
     10801 National Boulevard, Suite 100
 3   Los Angeles, California 90064
     Telephone: (310) 571-3511
 4   email: ray@averlaw.com

 5   [Proposed] General Insolvency Counsel for
     RABENU ENTERPRISES, LLC
 6   Debtor and Debtor In Possession

 7

 8                UNITED STATES BANKRUPTCY COURT

 9        CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]

10

11   In re:                          ) Case No. 2:18-bk-14511-ER
                                      )
12   RABENU ENTERPRISES, LLC,         ) Chapter 11
                                      )
13                                    ) ORDER GRANTING "MOTION FOR ORDER
                                      ) AUTHORIZING REFINANCING OF
14           Debtor.                  ) SECURED DEBT AND RELATED RELIEF"
                                      )
15                                    )
                                      )
16                                    )
                                      )
17                                    )
                                      )
18                                    ) Date:  May 22, 2018
                                      ) Time:  11:00 a.m.
19                                    ) Place: Courtroom 1568
                                      )    United States Bankruptcy Court
20                                    )    255 East Temple Street
                                      )    Los Angeles, California 90012
21   _____)

22

23

24

25

26

27

28
```



FILED & ENTERED

MAY 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

1    The hearing of the "Motion For Order Authorizing
2  Refinancing Of Secured Debt And Related Relief" ("Refinancing
3  Motion") came on before the Honorable Ernest M. Robles, United
4  States Bankruptcy Judge, in courtroom 1568 of the United States
5  Bankruptcy Court for the Central District of California [Los
6  Angeles Division], on May 22, 2018, in accordance with the
7  "Order Granting Application And Setting Hearing On Shortened
8  Notice," issued by the Court on May 11, 2018 [Docket #25].

9    Appearing on behalf of Rabenu Enterprises, LLC, chapter 11
10  debtor and debtor in possession ("Debtor" or "Rabenu"), was its
11  [proposed] general insolvency counsel, Law Offices of Raymond H.
12  Aver, A Professional Corporation, by Raymond H. Aver, Esquire.
13  Other appearances, if any, are as reflected in the Court's
14  record of the hearing, and Benjamin Saeedian, Debtor's co-
15  manager, was present in Court.

16    The Court having reviewed and considered the following
17  papers:

18    (a)  "Motion For Order Authorizing Refinancing Of Secured
19         Debt And Related Relief" ("Refinancing Motion")
20         [Docket #20], filed on behalf of Debtor on May 10,
21         2018;

22    (b)  "Statement Regarding Cash Collateral Or Debtor In
23         Possession Financing [Docket #21], filed on behalf of
24         Debtor on May 10, 2018;

25    (c)  "Application for Order Setting Hearing On Shortened
26         Notice" [Docket #22], filed on behalf of Debtor on May
27         10, 2018;

28

1    (d)    "Notice Of Hearing Of 'Motion For Order Authorizing

2           Refinancing Of Secured Debt And Related Relief'"

3           [Docket #27], filed on behalf of Debtor on May 11,

4           2018;

5    (e)    "Declaration Of David Israel Re Notice And Service"

6           [Docket #34], filed on behalf of Debtor on May 17,

7           2018;

8    (f)    "Declaration Of Kateryna Bilenka Re Notice And Service"

9           [Docket #35], filed on behalf of Debtor on May 17, 2018;

10   (g)    "Conditional Opposition To Debtor's Motion For Order

11          Authorizing Refinancing Or Secured Debt And Related

12          Relief" [Docket #36], filed on behalf of IMC, on May

13          17, 2018;

14   (h)    "Limited Opposition To Motion For Order Authorizing

15          Refinancing Of Secured Debt And Related Relief"

16          [Docket #39], filed on behalf of Bank of India on May

17          17, 2018; and

18   (i)    "Supplemental Declaration Of Benjamin Saeedian In

19          Support Of 'Motion For Order Authorizing Refinancing

20          Of Secured Debt And Related Relief,'" filed on behalf

21          of Debtor on May 22, 2018,

22   and having issued a tentative ruling on May 21, 2018, and having

23   heard and considered the arguments and representations of

24   counsel made at the hearing, and having determined that:  (a)

25   adequate notice and an opportunity to object having been given

26   within the meaning of 11 U.S.C. section 102(1) and the borrowing

27   authorized by this order is necessary to avoid immediate and

28   irreparable harm to the estate; (b) the refinancing loan to be

1  secured by the commercial real property of the estate located at
2  751-757 Towne Avenue, Los Angeles, California 90021 ("Towne
3  Avenue Property") satisfies the requirements of 11 U.S.C.
4  section 364(d)(1) because (i) the Debtor is unable to obtain
5  such credit otherwise, and (ii) there is adequate protection of
6  the interest of the holders of the liens against the Towne
7  Avenue Property against which the senior lien is to be granted;
8  and (c) The Evergreen Advantage, LLC ("Evergreen Advantage") is
9  extending credit in good faith and is therefore entitled to the
10 protections afforded by 11 U.S.C. section 364(e), and good cause
11 appearing therefor,

12     **IT IS HEREBY ORDERED** that the Refinancing Motion is
13 granted;

14     **IT IS FURTHER ORDERED** that Debtor is authorized to obtain a
15 new loan, from Evergreen Advantage in the amount of $3.6 million
16 to enable Debtor to refinance the secured debts against the
17 Towne Avenue Property and retain the Towne Avenue Property,
18 payable over a 9-month period at an 11% interest rate;

19     **IT IS FURTHER ORDERED** that Debtor is authorized to execute
20 a promissory note and a deed of trust against the Towne Avenue
21 Property in favor of Evergreen Advantage; and

22     **IT IS FURTHER ORDERED** that Evergreen Advantage is extending
23 credit in good faith and is therefore entitled to the
24 protections under 11 U.S.C. section 364(e).

25     **IT IS FURTHER ORDERED** that Debtor is authorized to
26 distribute the proceeds of the Evergreen Advantage loan to the
27 secured creditors and to pay the fees and costs, all as
28 referenced in the Refinancing Motion;

**IT IS FURTHER ORDERED** that with regard to SBIC:

    a.   the refinance proceeds shall be in an amount sufficient to pay SBIC in full, including all accrued interest, and reasonable fees and costs (including attorney's fees and costs incurred in this chapter 11 case);

    b.   escrow shall close by no later than June 1, 2018;

    c.   SBIC shall be paid by wire transfer in immediately available funds directly from the refinance proceeds; and

    d.   this Order is without prejudice to SBIC's motion for relief from the automatic stay, and motion to dismiss.

**IT IS FURTHER ORDERED** that with regard to IMC:

    a.   the "Subordination Payment Agreement Loan #1344," attached as Exhibit A to the Declaration Of Brian Boren in support of the "Conditional Opposition To Debtor's Motion For Order Authorizing Refinancing Or Secured Debt And Related Relief" [Docket #36], filed on behalf of IMC, is approved in its entirety;

    b.   the remaining balance due IMC, upon receipt of $100,000.00 from the refinance proceeds, shall be payable in accordance with the terms of the Note in the principal amount of $225,000.00, dated February 19, 2016; and

    c.   the third priority deed of trust against the Towne Avenue Property shall be subordinated only to

1    the new first priority deed of trust in favor of

2    Evergreen Advantage.

3    **IT IS FURTHER ORDERED** that this Order is effective

4 immediately upon entry, notwithstanding Rule 6004(h) of the

5 Federal Rules of Bankruptcy Procedure.

6                              ###

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: May 22, 2018

26                                        Ernest M. Robles
                                         United States Bankruptcy Judge
27

28

EXHIBIT I



**CALIFORNIA ASSOCIATION OF REALTORS®**

**COMMERCIAL AND RESIDENTIAL INCOME LISTING AGREEMENT**
**(C.A.R. Form CLA, Revised 6/17)**

Date Prepared: _6-1-18_

1. **EXCLUSIVE AUTHORIZATION:**
   hereby employs and grants _Rabang Enterprises LLC._ ("Owner")
   beginning (date) _6/1/18_ and the exclusive and Irrevocable right to: X SELL,  LEASE,  EXCHANGE,  OPTION, or  OTHER _Shatar Capital Inc._ ("Broker")
   and ending at 11:59 P.M. on (date) _11/30/18_ ("Listing Period")
   the real property in the City of _Los Angeles_,
   California, Assessor's Parcel No.: _5146027029_, described as: _Los Angeles_, County of
   _Los Angeles,CA,90021_    _771-787 Towne Ave_
   ("Property").

2. **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in an agreement between Owner and transferee, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded from the price.
   ADDITIONAL ITEMS EXCLUDED:
   ADDITIONAL ITEMS INCLUDED:
   Owner intends that the above items be excluded or included in listing the Property, but understands that: (i) the Agreement between Owner and transferee supersedes any intention expressed above and will ultimately determine which items are excluded and included in the transaction; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the Agreement between Owner and transferee.

3. **LISTING PRICE AND TERMS:**
   A. The listing price shall be: _Five Million Dollars_
   B. Additional Terms: _____  Dollars ($ _5,000,000_ ).

4. **COMPENSATION TO BROKER:**
   Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Owner and Broker (real estate commissions include all compensation and fees to Broker).
   A. Owner agrees to pay to Broker as compensation for services irrespective of agency relationship(s): _4.000_ percent of the listing price (or if an agreement is entered into, of the contract price), $ _____, OR   in accordance with Broker's attached schedule of compensation, as follows:
      (1) If during the Listing Period, or any extension, Broker, cooperating broker, Owner or any other person procures a ready, willing, and able Transferee(s) whose offer on the Property on any price and terms is accepted by Owner, provided the Transferee completes the transaction or is prevented from doing so by Owner. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
      (2) If within _____ calendar days after the end of the Listing Period or any extension, Owner enters into a contract to sell, lease, exchange, option, convey or otherwise transfer the Property to anyone ("Prospective Transferee") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period, or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker submitted to Owner a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Owner, however, shall have no obligation to Broker under this paragraph 4A(2) unless, not later than the end of the Listing Period or any extension or cancellation, Broker has given Owner a written notice of the names of such Prospective Transferees.
      (3) If, without Broker's prior written consent, the Property is withdrawn from sale, lease, exchange, option or other, as specified in paragraph 1, or is sold, conveyed, leased, rented, exchanged, optioned or otherwise transferred, or made unmarketable by a voluntary act of Owner during the Listing Period, or any extension thereof.
   B. If completion of the transaction is prevented by a party to the transaction other than Owner, then compensation due under paragraph 4A shall be payable only if and when Owner collects damages by suit, arbitration, settlement, or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   C. In addition, Owner agrees to pay Broker:

   D. (1) Broker is authorized to cooperate and compensate brokers participating through the multiple listing service(s) ("MLS"): (i) by offering MLS brokers either _____ percent of the purchase price, or  $ _____ ; OR (ii) (if checked)    as per Broker's policy.
      (2) Broker is authorized to cooperate and compensate brokers operating outside the MLS as per Broker's policy.
   E. Owner hereby irrevocably assigns to Broker the above compensation from Owner's funds and proceeds in escrow. Broker may submit this Listing Agreement, as instructions to compensate Broker pursuant to paragraph 4A, to any escrow regarding the Property involving Owner and a buyer, transferee or Prospective Transferee.
   F. (1) Owner represents that Owner has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows:
      (2) Owner warrants that Owner has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following Prospective Transferees:
      (3) If the Property is transferred to anyone listed above during the time Owner is obligated to compensate another broker: (i) Broker is not entitled to compensation under this Listing Agreement; and (ii) Broker is not obligated to represent Owner in such transaction.

© 2017, California Association of REALTORS®, Inc.

Owner's Initials ( _JS_ ) ( _____ )

CLA REVISED 6/17 (PAGE 1 OF 4)

**COMMERCIAL AND RESIDENTIAL INCOME LISTING AGREEMENT (CLA PAGE 1 OF 4)**

Property Address: 777-757 Towne Ave, Los Angeles, _____    Date: _____

**5.   MULTIPLE LISTING SERVICE:**
A.   Broker is a participant/subscriber to _____ Multiple Listing Service (MLS) and possibly others. Unless otherwise instructed in writing the Property will be listed with the MLS(s) specified above. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. All terms of the transaction, including sales price and financing, if applicable, (i) will be provided to the MLS in which the property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS and (ii) may be provided to the MLS even if the Property is not listed with the MLS.

BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS; PRESENTING ALL OFFERS

WHAT IS AN MLS? The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit the MLS database to internet sites that post property listings online.

EXPOSURE TO BUYERS THROUGH MLS: Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS.

CLOSED/PRIVATE LISTING CLUBS OR GROUPS: Closed or private listing clubs or groups are not the same as the MLS. The MLS referred to above is accessible to all eligible real estate licensees and provides broad exposure for a listed property. Private or closed listing clubs or groups of licensees may have been formed outside the MLS. Private or closed listing clubs or groups are accessible to a more limited number of licensees and generally offer less exposure for listed property. Whether listing property through a closed, private network – and excluding it from the MLS – is advantageous or disadvantageous to a seller, and why, should be discussed with the agent taking the Seller's listing.

NOT LISTING PROPERTY IN A LOCAL MLS: If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

OPTING OUT OF MLS: If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: (a) real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; (b) information about Seller's Property will not be transmitted to various real estate internet sites that are used by the public to search for property listings; (c) real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.

REDUCTION IN EXPOSURE: Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.

PRESENTING ALL OFFERS: Seller understands that Broker must present all offers received for Seller's Property unless Seller gives Broker written instructions to the contrary.
Owner's Initials _____ / _____        Broker's/Agent's Initials _____ / _____

B.   MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 2 days or some other period of time after all necessary signatures have been obtained on the listing agreement. Broker will not have to submit this listing to the MLS if, within that time, Broker submits to the MLS a form signed by Seller (C.A.R. Form SELM or the local equivalent form).

C.   MLS rules allow MLS data to be made available by the MLS to additional internet sites unless Broker gives the MLS instructions to the contrary. Seller acknowledges that for any of the below opt-out instructions to be effective, Seller must make them on a separate instruction to Broker signed by Seller (C.A.R. Form SELI or the local equivalent form). Specific information that can be excluded from the internet as permitted by (or in accordance with) the MLS is as follows:

(1)   **Property Availability:** Seller can instruct Broker to have the MLS not display the Property on the internet.
(2)   **Property Address:** Seller can instruct Broker to have the MLS not display the Property address on the internet.
Seller understands that the above opt-outs would mean consumers searching for listings on the internet may not see the Property or Property's address in response to their search.
(3)   **Feature Opt-Outs:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below. Seller understands (i) that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; (ii) that other internet sites may or may not have the features set forth herein; and (iii) that neither Broker nor the MLS may have the ability to control or block such features on other internet sites.
(a)   **Comment And Reviews:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property.
(b)   **Automated Estimate Of Value:** The ability to link to another site containing such automated estimate of value if the link is in immediate conjunction with the Property.

Owner's Initials ⟨ 75 ⟩ ⟨ _____ ⟩



CLA REVISED 6/17 (PAGE 2 OF 4)
**COMMERCIAL AND RESIDENTIAL INCOME LISTING AGREEMENT (CLA PAGE 2 OF 4)**
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com        Untitled

Property Address: <u>771-757 Towne Ave, Los Angeles,</u>_____    Date: _____

6. **OWNER REPRESENTATIONS:** Owner represents that, unless otherwise specified in writing, Owner is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation, or other pending or threatened action that affects or may affect the Property or Owner's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Owner shall promptly notify Broker in writing if Owner becomes aware of any of these items during the Listing Period or any extension thereof.

7. **BROKER'S AND OWNER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Listing Agreement. Unless Owner gives Broker written instructions to the contrary, Broker is authorized to order reports and disclosures as appropriate or necessary, and advertise and market the Property in any method and medium, including the Internet, selected by Broker, and, to the extent permitted by these media, including MLS, control the dissemination of the information submitted to any medium. Owner agrees to consider offers presented by Broker, and to act in good faith toward accomplishing the transfer of the Property by, among other things, making the Property available for showing at reasonable times and referring to Broker all inquiries of any party interested in the Property. Owner agrees to provide Broker and transferee(s) all written disclosures, as required by law. Owner further agrees to immediately disclose in writing any condition known to Owner that affects the Property, including, but not limited to, any past or current generation, storage, release, threatened release, disposal, and presence and location of asbestos, PCB transformers, petroleum products, flammable explosives, underground storage tanks and other hazardous, toxic or contaminated substances or conditions in, on, or about the Property. Owner shall maintain public liability and property damage insurance on the Property during the Listing Period or any extension. Owner waives all subrogation rights under any insurance against Broker, cooperating brokers or employees. Owner is responsible for determining at what price to list and transfer the Property. Owner further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney's fees arising from any incorrect information supplied by Owner, or from any material facts that Owner knows but fails to disclose including dangerous or hidden conditions on the Property.    (If checked) The attached property disclosure is part of this Listing Agreement and may be provided to Prospective Transferees.

8. **DEPOSIT:** Broker is authorized to accept and hold on Owner's behalf any deposits to be applied toward the contract price.

9. **AGENCY RELATIONSHIPS:**
   A. **Disclosure:** Owner acknowledges receipt of (C.A.R. Form AD) "Disclosure Regarding Real Estate Agency Relationship" form which is required to be provided to Owner prior to entering into this Listing Agreement.
   B. **Owner Representation:** Broker shall represent Owner in any resulting transaction, except as specified in paragraph 4F.
   C. **Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Owner and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Owner any election to act as a dual agent representing both Owner and Buyer. If a Buyer is procured directly by Broker or an associate licensee in Broker's firm, Owner hereby consents to Broker acting as a dual agent for Owner and such Buyer. In the event of an exchange, Owner hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Owner understands and agrees that: (i) Broker, without the prior written consent of Owner, will not disclose to Buyer that Owner is willing to transfer the Property at a price less than the listing price; (ii) Broker, without the prior written consent of Buyer, will not disclose to Owner that Buyer is willing to pay a price greater than the offered price; and (iii) except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.
   D. **Other Owners:** Owner understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or acquire through Broker, property the same as or similar to Owner's Property. Owner consents to Broker's representation of owners and buyers of other properties before, during, and after the end of this Listing Agreement.
   E. **Confirmation:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Owner's execution of an agreement to sell.

10. **SECURITY AND INSURANCE:** Broker is not responsible for loss of or damage to personal or real property or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of the interior of the Property. Owner agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Owner.

11. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors and accompanying prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism, or damage attributed to the use of a keysafe/lockbox. Owner does (or if checked    does not) authorize Broker to install a keysafe/lockbox. If Owner does not occupy the Property, Owner shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox.

12. **SIGN:** Owner authorizes Broker to install a FOR SALE/SOLD/LEASE sign on the Property unless otherwise indicated in writing.

13. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state, and local anti-discrimination laws.

14. **ATTORNEY'S FEES:** In any action, proceeding, or arbitration between Owner and Broker regarding the obligation to pay compensation under this Listing Agreement, the prevailing Owner or Broker shall be entitled to reasonable attorney's fees and costs, except as provided in paragraph 18A.

15. **ADDITIONAL TERMS:**    REOL    SS/A
_____
_____
_____
_____
_____
_____

Owner's Initials ( _/_S_ ) ( _____ )



**COMMERCIAL AND RESIDENTIAL INCOME LISTING AGREEMENT (CLA PAGE 3 OF 4)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    Untitled

Property Address: **771-767 Towne Ave, Los Angeles,** _____ Date: _____

16. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Listing Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Listing Agreement, in writing, within 5 days after its execution.

17. **SUCCESSORS AND ASSIGNS:** This Listing Agreement shall be binding upon Owner and Owner's successors and assigns.

18. **DISPUTE RESOLUTION:**
   A. **MEDIATION:** Owner and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 18B.
   B. **ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.
   C. **ADVISORY:** If Owner and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB)

19. **ENTIRE CONTRACT:** All prior discussions, negotiations, and agreements between the parties concerning the subject matter of this Listing Agreement are superseded by this Listing Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Listing Agreement and any supplement, addendum, or modification, including any photocopy or facsimile, may be executed in counterparts.

20. **OWNERSHIP, TITLE AND AUTHORITY:** Owner warrants that: (i) Owner is the owner of the Property; (ii) no other persons or entities have title to the Property, and (iii) Owner has the authority to both execute this Listing Agreement and transfer the Property.
   Exceptions to ownership, title and authority are as follows: _____

By signing below, Owner acknowledges that Owner has read, understands, received a copy of and agrees to the terms of this Listing Agreement and any attached schedule of compensation.

Date _____ at _____
Owner _Rabenu Enterprises LLC,_ _____
By _____ Title _____
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ E-mail _____

Date _____ at _____
Owner _____
By _____ Title _____
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ E-mail _____

Date _____ at _____
Owner _____
By _____ Title _____
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ E-mail _____

Date _____ at _____
Owner _____
By _____ Title _____
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Firm) __ Shatar Capital Inc. _____ CalBRE Lic. # _02021122_
By (Agent) ____Daniel Namvar____ CalBRE Lic. # _____ Date _____
Address _12121 Wilshire Blvd Suite #555_ City _Los Angeles_ State _CA_ Zip _90025_
Telephone _310-207 1000_ Fax _310-873-9573_ E-mail _daniel@shatar.com_

© 2017, California Association of REALTORS®, Inc.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _J S_ Date _____

CLA REVISED 6/17 (PAGE 4 OF 4)
**COMMERCIAL AND RESIDENTIAL INCOME LISTING AGREEMENT (CLA PAGE 4 OF 4)**

EXHIBIT J



# SELLER'S LISTING AGREEMENT
Exclusive Right to Sell, Exchange or Option

**Prepared by: Agent** _Michael Bandarian_    **Phone** (213) 216 - 5354
**Broker** _of Link Investment_    **Email** _____

**NOTE:** This form is used by a seller's agent when entering into the employment of an owner of a property as their sole agent for a fixed period of time, to list the property for sale, locate a buyer and sell the property.

**DATE:** _7/1_ , 20 _18_ , at _Los Angeles_ _____ , California.
*Items left blank or unchecked are not applicable.*

1. **RETAINER PERIOD:**
   1.1  Seller hereby retains and grants to Broker the exclusive right to market, solicit and negotiate for the disposition of the property, through sale, exchange or option, for the listing period beginning on _7/1_ , 20 _18_ and terminating on _7/30_ , 20 _18_ .
   1.2  Broker agrees to use diligence in the performance of this employment.

2. **SELLER'S DEPOSIT:**
   2.1  Seller hands $ _____ to Broker for deposit into Broker's trust account for application to Seller's obligations under the attached Listing Package Cost Sheet. [See RPI Form 107]

3. **BROKERAGE FEE:**
   **NOTICE: The amount or rate of real estate fees is not fixed by law. They are set by each Broker individually and may be negotiable between Client and Broker.**
   3.1  Seller agrees to pay Broker ☐ _1.5_ % of the purchase price, or ☐ _____ , IF:
      a. Anyone procures a buyer, exchanger or optionee on the terms stated in this agreement or on any other terms accepted by Seller during the period of the listing;
      b. The property is withdrawn from sale, transferred or leased without Broker's consent, which will not be unreasonably withheld, or otherwise made unmarketable by Seller during the period of the listing;
      c. Seller terminates this employment of Broker during the period of the listing; or
      d. Within one year after termination of this agreement, Seller or their agent enter into negotiations, which later result in a transaction contemplated by this agreement, with a prospective buyer whom Broker or a cooperating broker negotiated with during the period of this listing. Broker to identify prospective buyers by written notice delivered personally or electronically, or mailed to Seller within 21 days after termination of this agreement. [See RPI Form 122]
   3.2  If Seller acquires replacement property in a transaction in which Broker negotiates, Seller to further compensate Broker on acquisition of the replacement property based on the fee amount stated in §3.1.
   3.3  If this agreement terminates without Seller becoming obligated to pay Broker a fee, Seller to pay Broker the sum of $ _____ per hour of time accounted for by Broker, not to exceed $ _____ .

4. **GENERAL PROVISIONS:**
   4.1  Seller acknowledges receipt of the Agency Law Disclosure. [See RPI Form 305]
   4.2  Broker is authorized to place a For Sale sign on the property, inspect the property's condition, verify any operating income or expenses and publish and disseminate property information to meet the objectives of this employment.
   4.3  Seller authorizes Broker to cooperate with other brokers and divide with them any compensation due.
   4.4  Broker is authorized to accept, on behalf of any buyer, an offer and deposit.
   4.5  Offers to purchase received by Broker may be submitted to Seller personally or electronically, or by USPS postage-prepaid mail.
   4.6  Broker may have or will contract to list comparable properties or represent Buyers seeking comparable properties during the listing period. Thus, a conflict of interest exists to the extent Broker's time is required to fulfill the fiduciary duty owed to others he now does or will represent.
   4.7  Before any party to this agreement files an action on a dispute arising out of this agreement which remains unresolved after 30 days of informal negotiations, the parties agree to enter into non-binding mediation administered by a neutral dispute resolution organization and undertake a good faith effort during mediation to settle the dispute.
   4.8  The prevailing party in any action on a dispute shall be entitled to attorney fees and costs, unless they file an action without first offering to enter into mediation to resolve the dispute.
   4.9  This listing agreement will be governed by California law.

-------------------------- PAGE 2 OF 3 — FORM 102 --------------------------

5.  **REAL ESTATE:**

5.1   Type _Commercial Warehouse Concrete Building_
      Referred to as _757- 77t Towne Ave    LA  CA 9602?_
      Vesting _____

5.2   Encumbrances of record:
      a.  A first loan in the amount of $ _3,600,000_ , payable $_____ per month until paid,
          including interest at _____%, ☐ ARM type _____, impounds being $_____ monthly.
          Lender _Evergreen_
      b.  A second loan in the amount of $ _225,000_ , payable $_____ per month, including
          interest at _____%, due _____, 20_____ .
          Lender _IMC_
      c.  Other encumbrance, bond, assessment or lien in the amount of $_____ .
          Description of debt _____

6.  **PERSONAL PROPERTY INCLUDED:**

6.1   Referred to as _____

6.2   Encumbered for the amount of $_____ , payable $_____ monthly, including
      interest at _____%, due _____, 20_____ .
      Lender _____

7.  ADDENDA attached to this agreement regarding the listing package include:
      a.  ☐ Federal Residency Declarations [See **RPI** Form 301]
      b.  ☐ Condition of Property Disclosure. [See **RPI** Form 304] Solar Shade Control Notices sent or received by
          Seller to be handed to Buyer on acceptance.
      c.  ☐ Ordinance Compliance [See **RPI** Form 307]
      d.  ☐ Natural Hazard Disclosure Statement [See **RPI** Form 314]
      e.  ☐ Lead-Based Paint Disclosure [See **RPI** Form 313]
      f.  ☐ Residential Earthquake Hazards Report [See **RPI** Form 315]
      g.  ☐ Annual Property Operating Data Sheet [See **RPI** Form 352, or **RPI** Forms 562 and 318 for a SFR]
      h.  ☐ MLS property profile
      i.  ☐ Listing Package Cost Sheet [See **RPI** Form 107] (See also §2.1)
      j.  ☐ Seller's Neighborhood Security Disclosure [See **RPI** Form 321]
      k.  ☐ Right to Enter and Exhibit Unit to Buyers [See **RPI** Form 116]
      l.  ☐ _____

7.1   Additional addenda not part of the listing package include:
      a.  ☐ Seller's Net Sheet [See **RPI** Form 310]
      b.  ☐ Work Authorization [See **RPI** Form 108] (See also §§2.1 and 8.2)
      c.  ☐ _____

8.  **SALE TERMS:**

8.1   Price sought is $ _5,800,000_ , payable:
      a.  ☑ In cash, or cash to a new loan obtained by Buyer;
      b.  ☐ Cash to the existing loan(s) and Buyer to assume the loan(s) with Lender(s);
      c.  ☐ Cash down payment of no less than $ _300,000_ . Buyer to assume the existing loan(s)
          with Lender(s) in the amount of $_____ , and execute a $_____ note
          and trust deed to Seller bearing _____ % interest with monthly amortization over _____ years, all
          due _____, 20_____ .

8.2   Seller agrees to pay for the following costs on a sale:
      (See also §§2.1, 7j and 7.1b)
      a.  ☑ Property inspection report
      b.  ☑ Natural hazard disclosure report
      c.  ☐ Pest control clearance
      d.  ☐ CLTA title insurance
      e.  ☐ FHA/VA appraisal fee
      f.  ☐ Non-recurring loan costs of Buyer

-------------------------- PAGE 3 OF 3 — FORM 102 --------------------------

g. ☐ Home warranty policy

h. ☐ Smoke detector and water heater anchor installation

i. ☐ Local ordinance sale or occupancy compliance

j. ☐ Well water quality and quantity reports

k. ☐ _____

l. ☐ _____

**9. EXCHANGE TERMS:**

9.1 Seller will exchange the property for or reinvest the sales proceeds in the following property:
Type _____
Location _____
Assume or originate financing up to $_____.

**10. OPTION TERMS:**

10.1 For option money in the amount of $_____, Seller will grant an option to purchase on any of the sale terms stated above, for a period of _____ months.

**11. OTHER TERMS:**

11.1 Buyer shall not have possession of the property before _All due diligences._

11.2 _____

_The broker agrees to sell property off Market within 30 days_
_after agreement. Not listing, vast emailing or other means of listing._

---

| I agree to render services on the terms stated above. | I agree to employ Broker on the terms stated above. |
|---|---|
| | ☐ See attached Signature Page Addendum. [RPI Form 251] |
| Date: _7/1_ , 20_18_ | Date: _7/18_, 20 _18_ |
| Broker's Name: _Michael Daradarian_ | Seller's Name: _Rabenu Enterprises_ |
| CalBRE #: _____ | |
| Agent's Name: _LWIL Investment_ | |
| CalBRE #: _____ | |
| | Signature: _____ |
| | Seller's Name: _____ |
| Signature: _____ | |
| Address: _____ | |
| | Signature: _____ |
| | Address: _____ |
| Phone: _____ Cell: _(213) 216-5354_ | |
| Email: _____ | Phone: _____ Cell: _(310) 562-5522_ |
| | Email: _____ |

1  **NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in
   Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on
2  the CM/ECF docket

3  ## PROOF OF SERVICE OF DOCUMENT

4  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address
   is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064.

5
   The foregoing document described **"DECLARATION OF BENJAMIN SAEEDIAN IN SUPPORT OF
6  'EMERGENCY MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE
   AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (WITH SUPPORTING DECLARATIONS)'"** will
7  be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and
   **(b)** in the manner indicated below:

8
   I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
9  General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via
   NEF and hyperlink to the document. On **July 17, 2018**, I checked the CM/ECF docket for this bankruptcy case
10 or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to
   receive NEF transmission at the email address(es) indicated below:

11 •        Raymond H. Aver    ray@averlaw.com

12 •        Dare Law    dare.law@usdoj.gov

   •        Kelly M Raftery    bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
13
   •        United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
14

15 ____    Service information continued on attached page.

16 II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

17 On **July 17, 2018**, I served the following person(s) and/or entity(ies) at the last known address(es) in this
   bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the
   United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.
18 *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
   after the document is filed.*

19   _X_    Service information continued on attached page

   III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each
20 person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 17, 2018**, I served the
   following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service
21 method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that
   personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
22
   Honorable Neil W. Bason
23 Bin outside of Suite 1552

24
   _X_    Service information continued on attached page
25 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
   correct.
26

27 July 17, 2018                          Ani Minasyan
   _____                     _____               _____
   Date                                      Name                         Signature
28

1
## SERVICE LIST

2
**VIA U.S. MAIL**

3
Franchise Tax Board
Bankruptcy Unit
4
P.O. Box 2952
Sacramento, CA 95812-2952
5

Internal Revenue Service
6
P.O. Box 7346
Philadelphia, PA 19101-7346
7

L.A. County Tax Collector
8
Bankruptcy Unit
P.O. Box 54110
9
Los Angeles, CA 90054-0110

10
Fariborz Beral
213 South Le Doux Road
11
Beverly Hills, CA 90211

12
Farzad Yeshova
2400 South San Pedro Street
13
Los Angeles, CA 90015

14
Grant & Weber
26610 West Agoura Road, Suite 209
15
Calabasas, CA 91302

16
Internal Revenue Service
Insolvency Group 1
17
300 North Los Angeles Street
M/S 5022
18
Los Angeles, CA 90012

19
Korosh Mousigi
1620 Los Angeles Avenue
20
Los Angeles, CA 90015

21
Securities & Exchange Commission
444 South Flower Street, Suite 900
22
Los Angeles, CA 90071-2934

23
Select Portfolio Servicing, Inc.
3217 South Decker Lake Drive
24
Salt Lake City, UT 84119

25
Select Portfolio Servicing, Inc.
P.O. Box 65250
26
Salt Lake City, UT 84165-0250

27

28

State of California
Franchise Tax Board: LA Field Office
300 South Spring Street, #5704
Los Angeles, California 90013.

Sharam Maryamian
316 South Clark Drive
Beverly Hills, CA 90211

Synergistic Financial, Inc.
c/o Jimie Kim, Esquire
14730 Beach Boulevard, Suite 106
La Mirada, CA 90638

Wells Fargo Card Services
Corporate Offices
420 Montgomery Street
San Francisco, CA 94104

Wells Fargo Card Services
Cscl Dispute Team N8235-04m
Des Moines, IA 50306

Wells Fargo Bank, N.A.
Wells Fargo Card Services
P.O. Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

**VIA OVERNIGHT MAIL/EMAIL/FACSIMILE**

U.S. Bank, N.A.
c/o Kelly M. Raftery, Esquire
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
bknotice@mccarthyholthus.com
(619) 685-4811 facsimile

U.S. Bank, National Association
Corporate Offices
Attn.: Andrew Cecere, Chief Executive Officer
425 Walnut Street
Cincinnati, OH 45202

Select Portfolio Servicing, Inc.
Attn: Alan S. Wolf
Daniel K. Fujimoto, Esquire
The Wolf Firm
2955 Mail Street, 2nd Floor
Irvine, California 92614
wdk@wolffirm.com
(949) 608-0128 facsimile

1   Select Portfolio Servicing, Inc.
    3217 South Decker Lake Drive
2   Salt Lake City, UT 84119
    relationship.manager@spservicing.com
3   (801) 293-3936 facsimile

4   Select Portfolio Servicing, Inc.
    c/o Corporation Service Company
5   dba CSC Lawyers Incorporating Service
    Agent for Service of Process
6   251 Little Falls Drive
    Wilmington, DE 19808

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28